**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Charles A. WATSON, Defendant–
Appellant.**

No. 11–20075
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2011.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

David P. Cunningham, Esq., Michael M. Phillips, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Charles A. Watson is appealing his guilty plea conviction and sentence for obstruction of court orders and knowing disregard of the bankruptcy laws. Watson argues that the Government breached their plea agreement, which provided that it would not take a position on sentencing, by opposing a sentence that would allow Watson to earn good-time credits.

Watson did not object to the prosecutor's statement at the time of sentencing.

Therefore, review is for plain error. *See* *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 1428–32, 173 L.Ed.2d 266 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations and citations omitted)

The Government failed to keep its promise to stand silent at sentencing. Thus, it breached the breach of the plea agreement, a clear and obvious error. *Id.* at 1429. However, to show that the breach of the plea agreement affected his substantial rights, Watson must show that the breach affected the sentence imposed. *Id.* at 1432–33 & n. 4.

Watson has not recognized that review is for plain error in this case and has not made any attempt to show that the district court would have imposed a lesser sentence but for the prosecutor's comment. The district court did not give any indication of its reasons for denying defense counsel's request to amend the sentence to allow Watson to earn good time credits. Watson has not shown that the prosecutor's statement influenced the sentence imposed. Because he has not demonstrated prejudice at sentencing, Watson has not shown that his substantial rights were affected by the prosecutor's comment. In the absence of a showing of plain error, Watson's conviction and sentence are AFFIRMED.

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Watson's motion for bond pending appeal is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.